IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **KARA PETTERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 5:21-cv-32-TBR |
| v. | ) |
| | ) JURY DEMAND |
| **EASTER SEALS WEST KENTUCKY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Kara Petterson, by and through her undersigned counsel, and for her Complaint states as follows:

## NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act, 116 P.L. 127, § 5101 *et seq.*, 134 Stat. 178, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

## THE PARTIES

2. Ms. Petterson is a resident of McCracken County, Kentucky. Ms. Petterson was, at all relevant times, an employee of Defendant Easter Seals West Kentucky, Inc.

3. Defendant Easter Seals West Kentucky, Inc. is a Kentucky corporation with its principal office at 801 North 29th Street, Paducah, KY 42001. Its registered agent for service of process is James R. Coltharp, Jr., who may be served at 300 Broadway, Paducah, KY 42001.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Petterson's federal claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act, 116 P.L. 127, § 5101 *et seq.*, 134 Stat. 178, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Ms. Petterson's state-law claim pursuant to 28 U.S.C. § 1367(a)

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Petterson in McCracken County, Kentucky, which is located within this judicial district.

6. Ms. Petterson filed a timely charge of discrimination, as well as a supplemental charge of discrimination, with the Equal Employment Opportunity Commission, copies of which are attached hereto as Exhibit A. Ms. Petterson received a Notice of Right to Sue from the EEOC with respect to the charges set forth below fewer than ninety days prior to the filing of this Complaint. A copy of Ms. Petterson's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant provides services to individuals with disabilities and special needs to assist them with life skills, education, and work opportunities.

8. On or about January 14, 2019, Defendant hired Ms. Petterson as a Direct Support Professional working with adults with intellectual or physical disabilities.

9. Ms. Petterson performed her job competently at all times.

10. Defendant had a dress code applicable to its employees.

11. Ms. Petterson dressed in accordance with the dress code.

12. Ms. Petterson soon learned that individuals were commenting about her body, however.

13. Ms. Petterson's direct supervisor called Ms. Petterson to her office on multiple occasions and told her that she was in compliance with the dress code "but [her] body makes a few people uncomfortable."

14. Ms. Petterson told her direct supervisor as well as Defendant's vice president and its CEO that she was uncomfortable with the persistent comments about her body.

15. Instead of putting a stop to the situation, however, Defendant punished Ms. Petterson on or about March 11, 2020 by requiring her to change the color of her hair because it had "pink undertones" after she had it colored to the same color it had been a year earlier without complaint.

16. Thereafter, a coworker colored her hair pink without consequence.

17. That employee appeared on video conferences during the COVID-19 closure with pink hair and, when the office reopened, continued to color her hair unnatural colors while reporting to the office without consequence.

18. On or about March 12, 2020, Defendant called Ms. Petterson to its Human Resources Department and told her that a sexual harassment complaint had been filed against her by a man from a different department who claimed to be excited by looking at Ms. Petterson's body.

19. Ms. Petterson did not interact with other departments or share break times with employees from other departments and, as such, she could not have undertaken any affirmative steps to sexually harass the unidentified man.

20. Yet, despite wearing attire that fully covered her body, Defendant's Human Resources staff said Ms. Petterson's clothing was "sexually attractive" and ordered all managers to evaluate the appropriateness of her clothing on a daily basis, which led to managers blatantly looking at Ms. Petterson's body on a daily basis.

21. After Defendant required employees to return to the workplace without proper COVID-19 protocols in place, Ms. Petterson gave her two-week notice because of the stress of the situation.

22. Ms. Petterson then learned of a potential COVID-19 exposure and Defendant, after initially forcing her to report to work while quarantined, terminated her and refused to pay her for the two-week notice period she intended to continue working.

23. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

24. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Petterson has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### SEXUAL HARASSMENT OR SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

25. Ms. Petterson realleges and incorporates herein the allegations contained in Paragraphs 1 – 24.

26. Defendant's actions alleged herein constitute discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

27. Ms. Petterson's sex or appearance as a female was a motivating factor in Defendant's treatment of her.

28. Defendant's actions on the basis of Ms. Petterson's sex were willful and knowingly committed.

29. As a direct and proximate result of Defendant's adverse treatment of Ms. Petterson in violation of the Title VII of the Civil Rights Act of 1964, Ms. Petterson was injured and suffered damages.

30. Ms. Petterson has sustained a loss of back pay, benefits, incidental expenses, and front pay.

31. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Petterson's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

32. Ms. Petterson realleges and incorporates herein the allegations contained in Paragraphs 1 – 31.

33. Defendant's actions alleged herein constitute retaliation for Ms. Petterson's complaints about sex-based treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

34. Defendant's actions on the basis of Ms. Petterson's sex were willful and knowingly committed.

35. As a direct and proximate result of Defendant's adverse treatment of Ms. Petterson in violation of the Title VII of the Civil Rights Act of 1964, Ms. Petterson was injured and suffered damages.

36. Ms. Petterson has sustained a loss of back pay, benefits, incidental expenses, and front pay.

37. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Ms. Petterson's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT III

### SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

38. Ms. Petterson realleges and incorporates herein the allegations contained in Paragraphs 1 – 37.

39. Defendant's conduct constitute illegal sex discrimination and retaliation in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

40. As a result of Defendant's conduct, Ms. Petterson suffered damages.

## COUNT IV

### VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

41. Ms. Petterson realleges and incorporates herein the allegations contained in Paragraphs 1 through 40.

42. Defendant employed fewer than 500 employees.

43. Ms. Petterson had worked for Defendant for more than thirty days.

44. Ms. Petterson was an individual subject to an order from her health care provider to self-quarantine due to COVID-19 concerns.

45. Defendant did not provide Ms. Petterson with paid sick leave pursuant to the Emergency Paid Sick Leave Act.

46. Defendant's violation of the Emergency Paid Sick Leave Act was willful and knowingly committed.

47. As a direct and proximate result of Defendant's violation of the Emergency Paid Sick Leave Act, Ms. Petterson was injured and suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That the Court award Plaintiff judgment for damages of the lost compensation she has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Court award Plaintiff additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial pursuant to Counts I – III;

6. That Defendant be ordered to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

7. That the Court award Plaintiff liquidated damages in an amount equal to the amount of lost compensation pursuant to 29 U.S.C. § 216(b) as incorporated into the Emergency Paid Sick Leave Act via 116 P.L. 127, § 5105, 134 Stat. 178 pursuant to Counts IV;

8. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

9. That costs and discretionary costs be taxed against Defendant;

10. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12. For such other and further relief as the Court may find appropriate.

Respectfully Submitted,

_s/ D. Wes Sullenger_
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC # 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY  42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Kara Petterson*