UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO: 5:21-cv-32-TBR

KARA PETTERSON                                                                                    PLAINTIFF

v.

EASTER SEALS WEST KENTUCKY, INC.                                                DEFENDANTS

### EASTER SEALS WEST KENTUCKY, INC.'S ANSWER TO COMPLAINT
*(Electronically Filed)*

Comes now Defendant, Easter Seals West Kentucky, Inc., by counsel, and for its Answer to Plaintiff's Complaint, states as follows:

As to each enumerated allegation set forth in Plaintiff's Complaint, Easter Seals West Kentucky, Inc. answers as follows (with numbered paragraphs corresponding to the numbered paragraphs of Plaintiff's Complaint):

1.  Defendant admits that Plaintiff has brought the instant lawsuit pursuant to the statutes cited in paragraph 1 of the Complaint but denies that Plaintiff's action is viable under those statutes. Defendant further denies all allegations set forth in paragraph 1 not specifically admitted herein.

2.  Defendant admits the allegations set forth in paragraph 2.

3.  Defendant admits the allegations set forth in paragraph 3.

4.  Defendant admits that this Court has subject matter jurisdiction over the instant lawsuit but denies that Plaintiff's action is viable under the cited statutes. Defendant further denies all allegations set forth in paragraph 4 not specifically admitted herein.

5.  Defendant admits the allegations set forth in paragraph 5.

6. Defendant admits that Plaintiff filed the charge and supplemental charge that were attached as Exhibit A to her Complaint with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued the Notice of Right to Sue attached as Exhibit B to her Complaint after terminating its processing of Plaintiff's charge without action. Defendant denies all allegations set forth in paragraph 6 not specifically admitted herein.

7. Defendant admits the allegations set forth in paragraph 7.

8. Defendant admits that on or about January 15, 2019, Defendant hired Plaintiff as a Direct Support Professional working with adults with intellectual or physical disabilities. Defendant denies all allegations set forth in paragraph 8 not specifically admitted herein.

9. Defendant denies the allegations set forth in paragraph 9.

10. Defendant admits the allegations set forth in paragraph 10.

11. Defendant denies the allegations set forth in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies the same.

13. Defendant denies the allegations set forth in paragraph 13.

14. Defendant denies the allegations set forth in paragraph 14.

15. Defendant denies the allegations set forth in paragraph 15.

16. Defendant denies the allegations set forth in paragraph 16.

17. Defendant denies the allegations set forth in paragraph 17.

18. Defendant admits that on or about March 12, 2020, Defendant's Vice President of Human Resources and Defendant's Vice President for Adult Services met with Plaintiff to discuss a complaint by a co-worker who felt uncomfortable being around Plaintiff because of her revealing

clothing. Defendant denies all allegations set forth in paragraph 18 not specifically admitted herein.

19. Defendant denies the allegations set forth in paragraph 19.

20. Defendant denies the allegations set forth in paragraph 20.

21. Defendant denies the allegations set forth in paragraph 21.

22. Defendant denies the allegations set forth in paragraph 22.

23. Defendant denies the allegations set forth in paragraph 23.

24. Defendant denies the allegations set forth in paragraph 24.

25. Defendant realleges and incorporates by reference its responses and defenses to the allegations contained in paragraphs 1-24 of Plaintiff's Complaint as if fully restated herein.

26. Defendant denies the allegations set forth in paragraph 26.

27. Defendant denies the allegations set forth in paragraph 27.

28. Defendant denies the allegations set forth in paragraph 28.

29. Defendant denies the allegations set forth in paragraph 29.

30. Defendant denies the allegations set forth in paragraph 30.

31. Defendant denies the allegations set forth in paragraph 31.

32. Defendant realleges and incorporates by reference its responses and defenses to the allegations contained in paragraphs 1-31 of Plaintiff's Complaint as if fully restated herein.

33. Defendant denies the allegations set forth in paragraph 33.

34. Defendant denies the allegations set forth in paragraph 34.

35. Defendant denies the allegations set forth in paragraph 35.

36. Defendant denies the allegations set forth in paragraph 36.

37. Defendant denies the allegations set forth in paragraph 37.

38. Defendant realleges and incorporates by reference its responses and defenses to the allegations contained in paragraphs 1-37 of Plaintiff's Complaint as if fully restated herein.

39. Defendant denies the allegations set forth in paragraph 39.

40. Defendant denies the allegations set forth in paragraph 40.

41. Defendant realleges and incorporates by reference its responses and defenses to the allegations contained in paragraphs 1-40 of Plaintiff's Complaint as if fully restated herein.

42. Defendant admits the allegations set forth in paragraph 42.

43. Defendant admits the allegations set forth in paragraph 43.

44. To the extent that paragraph 44 alleges Plaintiff provided Defendant with an order from a health care provider directing her to self-quarantine due to COVID-19 concerns, Defendant denies such an allegation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies the same.

45. Defendant admits that it has provided Plaintiff no paid sick leave related to COVID-19 concerns but denies that it has violated the Emergency Paid Sick Leave Act or otherwise acted improperly. Defendant further denies all allegations set forth in paragraph 45 not expressly admitted herein.

46. Defendant denies the allegations set forth in paragraph 46.

47. Defendant denies the allegations set forth in paragraph 47.

With regard to the Prayer for Relief set forth in Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief from it.

Defendant denies all allegations of Plaintiff's Complaint not specifically admitted herein.

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant for which relief can be granted, and it should therefore be dismissed.

### SECOND DEFENSE

Plaintiff has failed to mitigate her damages, and in the event Plaintiff is otherwise found to be entitled to any recovery against Defendant, which is denied, then any such recovery should be barred or reduced by any amounts she could have earned through reasonable diligence.

### THIRD DEFENSE

If there were impermissible motivating factors in Defendant's conduct toward Plaintiff, which Defendant denies, then Defendant asserts the "same decision defense" and states that liability is limited because Defendant acted for legitimate non-discriminatory reasons and would have taken the same action in the absence of the alleged impermissible motivating factor(s).

### FOURTH DEFENSE

In the event Defendant is otherwise liable, which it denies, then Defendant is entitled to limitation of damages to the extent there is after-acquired evidence of Plaintiff's misconduct, which would have necessitated immediate termination had it been known.

### FIFTH DEFENSE

Plaintiff's claims are barred because she voluntarily abandoned her employment.

### SIXTH DEFENSE

Plaintiff suffered no injury or damages from the conduct alleged in her Complaint and is therefore barred from recovery.

## SEVENTH DEFENSE

Defendant pleads all applicable provisions and defenses set forth in the statutes upon which Plaintiff's claims are purportedly based, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200 *et seq.*, the Kentucky Civil Rights Act, KRS 344.010 *et seq.*, and the Emergency Paid Sick Leave Act, 116 P.L. 127, § 5101 *et seq.*

## EIGHTH DEFENSE

If Defendant violated any applicable law, which is denied, then such act or omission was in good faith and Defendant had reasonable grounds for believing that the act or omission was not a violation of law, and Defendant's liability, if any, should be eliminated or reduced.

## NINTH DEFENSE

Plaintiff's recovery against Defendant, if any, is subject to the limitations set forth in 42 U.S.C. § 1981a.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred because there is no vicarious or supervisory liability under the cited statutes.

## ELEVENTH DEFENSE

The matters complained of and the relief sought in Plaintiff's Complaint for compensatory and punitive damages, and each of them, deprive Defendant of rights under the Constitution of the United States, especially the First, Fifth, Eighth and Fourteenth Amendments thereto, and deny rights of Defendant under the Constitution of Kentucky. By reason thereof, Plaintiff's Complaint should be dismissed.

**TWELFTH DEFENSE**

Defendant pleads all affirmative defenses contained or provided for in KRS 411.184 and KRS 411.186 and other applicable Kentucky authority.

**THIRTEENTH DEFENSE**

Defendant pleads each and every affirmative defense set forth in Fed. R. Civ. P. 8(c) to the extent applicable.

WHEREFORE, Defendant, Easter Seals West Kentucky, Inc., demands that Plaintiff's Complaint be dismissed, for recovery of its costs, for trial by jury, and for all other proper relief to which it may appear to be entitled.

        Respectfully submitted,

        WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
        *Attorney for Easter Seals West Kentucky, Inc.*

        By: /s/ James R. Coltharp, Jr.
            James R. Coltharp, Jr.
            Matthew S. Eddy
            P.O. Box 995
            Paducah, KY 42002-0995
            Telephone: (270) 443-4516
            Facsimile: (270) 442-1712
            jcoltharp@whitlow-law.com
            meddy@whitlow-law.com

CERTIFICATE OF SERVICE

I hereby certify that this 5th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

D. Wes Sullenger, Esq., Sullenger Law Office, 629 Washington Street, Paducah, KY 42003, wes@sullengerfirm.com, *Attorney for Plaintiff*.

        /s/ James R. Coltharp, Jr.
        James R. Coltharp, Jr.