UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO: 5:21-cv-32-TBR

KARA PETTERSON                                                                                                     PLAINTIFF

v.

EASTER SEALS WEST KENTUCKY, INC.                                            DEFENDANT

## MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER
*(Electronically Filed)*

Comes now Defendant, Easter Seals West Kentucky, Inc. ("Easter Seals"), by counsel, and moves the Court for entry of the attached Agreed Protective Order. In support of said Motion, the Defendant states as follows:

Upon filing its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant notified Plaintiff's counsel that it would withhold the identity of the Easter Seals employee who filed a sexual harassment complaint concerning Plaintiff Kara Petterson until a protective order from the Court is in place to protect the employee's identity from public exposure. Specifically, Defendant is in possession of internal Easter Seals e-mails and an internal Easter Seals memorandum concerning the sexual harassment complaint that reveal the identity of that non-party employee.

Counsel for Plaintiff and counsel for Defendant conferred in good faith, as required by Federal Rule of Civil Procedure 26(c)(1), to try to resolve this matter without Court action. Despite the good faith efforts of counsel for the parties to this proceeding, the dispute as to production of internal e-mails and the memorandum could not be resolved without Court action. Therefore, in order to assist the Court, the parties drafted a proposed "Agreed Protective Order," which they

believe provides the non-party employee protection from unwarranted embarrassment and injury. A copy of that proposed Agreed Protective Order is filed herewith.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). In Plaintiff's Complaint, Plaintiff alleges that the author of the sexual harassment complaint against Plaintiff claimed to be "excited by looking at Ms. Petterson's body." (Plaintiff's Complaint at ¶ 18.) While this characterization is inaccurate, publication of such an accusation will seriously injure the employee's reputation and ability to continue volunteering with youth activities in the community. A protective order from the Court is required in this situation to protect the employee from embarrassment and undue burden. Sister courts within this Circuit have issued protective orders to protect the anonymity of parties and witnesses where the disclosure of their identities would expose them to public embarrassment and humiliation, *e.g., A.M.S. v. Steele*, 2011 U.S. Dist. LEXIS 52948 (S.D. Ohio May 17, 2011), or a risk of retaliatory physical or mental harm, *Mount Hope Church v. Bash Back!*, 2010 U.S. Dist. LEXIS 39576 (W.D. Mich. April 22, 2010). Protection on these grounds is certainly justified here and indeed is not opposed by any party to this litigation.

Additionally, the Western District of Kentucky has held previously: "Protective orders limiting the dissemination of non-party employment files 'are commonly granted . . . as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation.'" *Woosley v. Bel Brands United States, Inc.*, No. 4:17-CV-00023-JHM, 2018 U.S. Dist. LEXIS 68342, at *4 (W.D. Ky. Apr. 23, 2018) (quoting *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999)). As in

*Woosley*, the employee here is a nonparty, and the documents at issue are employment files in the form of internal work e-mails and a memorandum.

Finally, protecting the identity of this nonparty witness would not in any way threaten the principle of open courts, as the great bulk of this case will be still included in the public record. The facts of the Plaintiff's employment and of the Defendant's challenged conduct will remain wholly open to the public, as will decisions of the Court applying relevant law to those actions. Quite simply, the shielding of the nonparty witness's identity will in no way impede the public's ability to scrutinize the important issues in the case.

Accordingly, Defendant respectfully requests the Court grant the proposed Agreed Protective Order and require that the employee's identity not be revealed to anyone except as permitted under the terms of the proposed Agreed Protective Order.

Respectfully submitted,

WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
*Attorney for Easter Seals West Kentucky, Inc.*


By: /s/ James R. Coltharp, Jr.
James R. Coltharp, Jr.
Matthew S. Eddy
P.O. Box 995
Paducah, KY 42002-0995
Telephone: (270) 443-4516
Facsimile: (270) 442-1712
jcoltharp@whitlow-law.com
meddy@whitlow-law.com

CERTIFICATE OF SERVICE

I hereby certify that this 24th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

D. Wes Sullenger, Esq., Sullenger Law Office, 629 Washington Street, Paducah, KY 42003, wes@sullengerfirm.com, *Attorney for Plaintiff*.

/s/ James R. Coltharp, Jr.
James R. Coltharp, Jr.

4